UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14233-CIV-CANNON

**GARY HANLEY**,

    Plaintiff,

v.

**TURBOCOMBUSTER TECHNOLOGY, INC. a/k/a
PARADIGM PRECISION, a subsidiary of DYNAMIC
PRECISION GROUP, INC. owned by THE CARLYLEGROUP,**

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Remand ("Motion") [ECF No. 6]. The Court has reviewed the Motion [ECF No. 6], Defendant Turbocombuster Technology, Inc.'s Opposition [ECF No. 10], Plaintiff's Reply [ECF No. 11], and the full record in this case. For the reasons set forth below, Plaintiff's Motion to Remand [ECF No. 6] is **GRANTED**.

### BACKGROUND AND PARTIES' ARGUMENTS

Plaintiff argues that this case should be remanded because Defendant filed its Notice of Removal on June 4, 2021—more than a month beyond the thirty-day removal deadline prescribed by 28 U.S.C. § 1446(b) [ECF No. 6 pp. 1–3].[1] According to Plaintiff, Defendant's Notice of

---

[1] In the alternative, Plaintiff asks the Court to remand the state law claims in Count III (retaliatory discharge in violation of Florida's Workers' Compensation Law, Fla. Stat. § 440.205), Count IV (breach of contract), and Count V (tortious interference with a contract) [ECF No. 6 pp. 5-6]. There is no dispute that, per 28 U.S.C. § 1445(c), at least the workers' compensation claim in Count III would have to be remanded [ECF No. 6 p. 3; ECF No. 1 ¶3]. Because the Court deems it appropriate to remand the entire action, however, the Court need not resort to Plaintiff's alternative request for partial remand.

Removal was untimely filed in the following respect: Plaintiff served Defendant with the State Court Complaint on March 22, 2021 [ECF No. 1-2 pp. 52–92]; that gave Defendant until April 21, 2021, to file its notice of removal; yet Defendant did not file its Notice of Removal until June 4, 2021, more than a month beyond the thirty-day deadline prescribed by 28 U.S.C. § 1446(b).

Defendant does not dispute that it was served with the State Court Complaint on March 22, 2021. Rather, Defendant argues that removal was nevertheless timely because the State Court Complaint with which it was served was missing two exhibits, the omission of which, in Defendant's view, rendered service of the State Court Complaint void [ECF No. 10 p. 4]. According to Defendant, service of the State Court Complaint was not effected until May 18, 2021, when Plaintiff served Defendant with a copy of the same State Court Complaint plus all attached exhibits [ECF No. 1-2 pp. 162–203; ECF No. 10 p. 4; ECF No. 1 ¶5].[2] The two missing exhibits from the initial State Court Complaint have not been made part of the record upon removal but are described by Defendant as follows: "Exhibit H (a copy of the complaint of a non-party filed against the Defendant) and Exhibit I (the purported 2011 Equity Incentive Plan, Stock Option Agreement) upon which Plaintiff's purported Breach of Contract and Tortious Interference claims are based." [ECF No. 10 p. 1].

In response to Defendant's claim regarding missing exhibits, Plaintiff argues that the absence of Exhibits H and I from the initial State Court Complaint did not impede Defendants from ascertaining whether the causes of action in the State Court Complaint were subject to

---

[2] After Plaintiff served Defendant with the State Court Complaint on March 22, 2021, Defendant filed a Motion to Quash Service of Process in State Court [ECF No. 1-2 pp. 35–39]. Plaintiff responded to the Motion to Quash on May 18, 2021 [ECF No. 1-2 pp. 152–161], and on that same day filed a copy of the same State Court Complaint it had previously filed except with the additions of Exhibits H and I [ECF No. 1-2 pp. 162–203]. Defendant's Motion to Quash remained pending as of the date of removal on June 4, 2021 [ECF No. 1; ECF No. 1-2 p. 2].

removal. This is so, Plaintiff explains, because a full copy of the body of the State Court Complaint was served on Defendant on March 22, 2021, and included two federal causes of action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et* seq. (Counts I and II) [ECF No. 6 pp. 5-7; ECF No. 1-2 pp. 193–197].

## DISCUSSION

Defendants seeking removal to federal court under 28 U.S.C. § 1441 must do so according to the procedures set forth in 28 U.S.C. § 1446. Pursuant to those procedures, a removing party must file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The removal statute is to be strictly construed, and Defendant as the removing party has the burden of proving timely removal. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941), *Healy v. Ratta*, 292 U.S. 263, 270 (1934), *Matthews v. Rodgers*, 284 U.S. 521, 525 (1932); *Kline v. Burke Constr. Co.*, 260 U.S. 226, 233–234 (1922); *BCC Apartments, Ltd. v. Browning*, 994 F. Supp. 1440, 1443 (S.D. Fla. 1997)).

Having reviewed the statute, the arguments and the cases cited by counsel, the Court finds that, in this case, the thirty-day period for removal started on March 22, 2021—the date Plaintiff served Defendant with a copy of the State Court Complaint, even if the State Court Complaint did not attach Exhibits H and I.

Defendant does not dispute that it was served with a complete copy of the body of the State Court Complaint—alleging two violations of the ADEA—on March 22, 2021. Nor does Defendant argue that the body of the complaint changed in any respect from the initial filing service date of March 22, 2021 [*see* ECF No. 10 p. 4]. Defendant's sole argument is that Plaintiff's

subsequent attachment of Exhibits H and I and reservice of the complaint with those two attachments means that Defendant was not served with a copy of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based" [ECF No. 10 pp. 2-4]. 28 U.S.C. § 1446(b). The Court disagrees. Defendant was served on March 22, 2021, with a copy of a State Court Complaint that, although it did not include two exhibits, prominently alleged violations of federal law. There is no indication in 28 U.S.C. § 1446(b) that the failure to include all relevant exhibits when serving a complaint renders it no longer "the initial pleading" for purposes of federal removal. Nor has Defendant supplied the Court with any authority to support that view.[3]

It is true that, pursuant to Florida procedural law, certain documents must be incorporated in or attached to a pleading and considered a part of the pleading for all purposes. *See* Fla. R. Civ. P. 1.130. But the Court is unaware of any Florida authority holding that a failure to attach an exhibit to a state pleading is, by itself, a fatal procedural deficiency that nullifies service. Moreover, Defendants do not claim that Plaintiff's failure to attach the two exhibits—a non-party complaint filed against Defendant and a stock option agreement—somehow obscured or prevented

---

[3] Defendant cites four cases to support the proposition that the submission of a purportedly incomplete complaint does not constitute proper service of process and therefore does not trigger the removal deadline under 28 U.S.C. § 1446(b) [ECF No. 10 pp. 3–4 (citing *Brickell Place Phase II Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-23045-CIV, 2011 WL 13100316, at *1 (S.D. Fla. Jan. 28, 2011); *Cherry v. Spence*, 249 F.R.D. 226, 229 (E.D.N.C. Apr. 2, 2008); *Patterson v. Brown*, No. 3:06cv476, 2008 U.S. Dist. LEXIS 9312, **9–11 (W.D.N.C. Jan. 24, 2008); *Jones v. Southeastern Reg'l Med. Ctr.*, 7:18-CV-28-D 2019, 2019 U.S. Dist. LEXIS 659, *7-8 (E.D.N.C. Jan. 7, 2019)]. Those cases are materially distinguishable. To begin, none concerns the timeliness of removal under the federal removal statute. Moreover, as best the Court can tell, all of the complaints in those cases omitted pages or substantive portions of the complaint itself—either entire pages or substantive paragraphs. That is not the case here. No party alleges that Plaintiff's State Court Complaint lacked paragraphs, counts, or pages. The only dispute here concerns the attachment of two exhibits to the State Court Complaint, and Defendant does not claim that it was not on notice that Plaintiff's complaint alleged violations of federal law.

Defendant from knowing that the complaint set forth federal causes of action rendering the complaint subject to removal. Defendant's sole argument, again, is that the failure to attach those exhibits in an otherwise complete complaint with which Defendant was served—and which contained federal claims—invalidated service of the State Court Complaint and thus did not trigger the removal deadline. The Court does not agree. Defendant was on notice of the federal claims as of the service date of March 22, 2021. That gave Defendant until April 21, 2021, to file its Notice of Removal. It did not do so until June 4, 2021. Accordingly, remand is appropriate for failure to timely remove under 28 U.S.C. § 1446(b).

## **CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Plaintiff's Motion to Remand [ECF No. 6] is **GRANTED.**

2. This case is **REMANDED** for disposition in the Nineteenth Judicial Circuit in and for Martin County, Florida.

3. The Clerk is directed to **CLOSE** this case.

4. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Pierce, this 6th day of July 2021.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record